THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE UNITED
STATES GRAND LODGE OF THE ORDER OF BRITH ABRAHAM,
Respondent, v. LOUIS F. PAYN, as Superintendent of Insur-
ance of the State of New York, Appellant.

1. MUTUAL BENEFIT FRATERNITY — REINCORPORATION — RIGHT TO
TAKE THE SAME NAME. A mutual benefit fraternity duly incorporated
under the laws of this state has an absolute legal right to reincorporate
under its present name, by virtue of section 6 of the General Corporation
Law (L. 1890, ch. 563, as amd. by L. 1892, ch. 687), which expressly gives
this privilege to corporations formed by reincorporation, reorganization
or consolidation, or upon the sale of the property or franchises of a
corporation.

2. MANDAMUS — JUDICIAL OR MINISTERIAL FUNCTIONS OF SUPERIN-
TENDENT OF INSURANCE. The duties of the superintendent of insurance
in the matter of filing articles of reincorporation of a mutual benefit fra-
ternity, referring them to the attorney-general, recording his certificate of
conformity and approval, and delivering the same to the corporation,
together with a license to do business, under section 231 of the Insurance
Law (L. 1892, ch. 690), are purely ministerial, which he may be compelled
to perform by mandamus.

*People ex rel. U. S. Grand Lodge v. Payn,* 43 App. Div. 621, affirmed.

(Argued November 21, 1899; decided January 9, 1900.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered Octo-
ber 7, 1899, affirming an order of Special Term directing that
a peremptory writ of mandamus issue requiring the defendant,
as superintendent of insurance of the state of New York, to
file in his office the declaration of the relator respecting its
reincorporation.

The facts, so far as material, are stated in the opinion.

*John C. Davies, Attorney-General,* and *John H. Coyne* for
appellant. It was the duty of the superintendent of insurance
to decide whether the name adopted by the relator so nearly
resembled that of another corporation as to be calculated to
deceive. (L. 1892, ch. 687, § 6; L. 1892, ch. 690, § 231.)
The duty imposed upon the superintendent by section 6 of
the General Corporation Law is a judicial and not a minis-

**230** People ex rel. U. S. Grand Lodge *v.* Payn. [Jan.,

Opinion of the Court, per Bartlett, J. [Vol. 161.

terial one. (*People ex rel.* v. *Commissioners*, 149 N. Y. 26; *People ex rel.* v. *Chapin*, 104 N. Y. 96; *People ex rel.* v. *Rosendale*, 76 Hun, 103; *Matter of Schmitt* v. *Maxwell*, 32 N. Y. S. R. 573.) The judgment and discretion of an officer having a judicial duty to perform cannot be coerced by mandamus. (*People ex rel.* v. *Commissioners*, 149 N. Y. 26.)

*Theodore E. Hancock* and *Henry M. Goldfogle* for respondent. The provisions of the statute relied upon by the insurance superintendent as an excuse for refusing to file the papers of the respondent do not apply to corporations attempting to reincorporate, and especially have no application whatever to mutual benefit fraternities desiring to reincorporate under the provisions of section 231 of the Insurance Law. (L. 1892, ch. 690, § 231; *People* v. *I. B. Assn.*, 92 Hun, 311; *Boechat* v. *Brown*, 9 App. Div. 369; *W. W. Co.* v. *Long Island City*, 23 App. Div. 78; *City of Poughkeepsie* v. *Quintard*, 136 N. Y. 275; *Wormser* v. *Brown*, 149 N. Y. 170; *McKenna* v. *Edmundstone*, 91 N. Y. 233; *Matter of Comrs. of Central Park*, 50 N. Y. 493; *Stack* v. *City of Brooklyn*, 61 N. Y. S. R. 319; *N. Y., L. E. & W. R. R. Co.* v. *Supervisors*, 67 How. Pr. 5; *People ex rel.* v. *Palmer*, 52 N. Y. 83.)

Bartlett, J. The facts in this case are undisputed. The relator has existed for many years as a mutual benefit fraternity; it was organized as an unincorporated association in the year 1859, and so continued until March, 1888, when it was duly incorporated.

The company, desiring to reincorporate under the provisions of the Insurance Law, presented the proper papers to the superintendent of insurance in July, 1898, requesting him to obtain from the attorney-general the certificate of conformity and approval as required by law.

The superintendent shortly thereafter addressed a communication to the attorneys of the relator, in which he stated in substance that he had given the matter careful consideration and was satisfied that he would not be justified in referring the certificate of reincorporation to the attorney-general. He

gave as his reason that his department had already recognized the Independent Order of Brith Abraham.

The record discloses the fact that the Independent Order of Brith Abraham was organized in the year 1887 by seceders from the relator, who at that time withdrew from its membership.

There are two questions presented by this appeal: Has the relator the absolute legal right to reincorporate under its present name, and are the duties of the superintendent in the premises ministerial or judicial?

The defendant has assumed that he was acting in a judicial capacity, and thereupon decided that the relator was not entitled to reincorporate under its old name.

After this decision the relator applied to the Special Term for a peremptory writ of mandamus, directing the superintendent to file the articles of reincorporation delivered to him by the relator and to refer the same to the attorney-general for his certificate of conformity and approval; also, to record such certificate when issued and deliver to the relator the proper certified papers, together with a license to carry on the work of a fraternal beneficiary society. The Special Term issued the peremptory writ and the Appellate Division has affirmed.

The Insurance Law (L. 1892, ch. 690), section 231, provides for the reincorporation of existing fraternities, and reads, in part, as follows: " Any mutual benefit fraternity, as defined by this article, and incorporated under the laws of this state, may reincorporate under the provisions of this chapter by filing with the superintendent a declaration adopted by the governing body, etc.    *    *    *

" The superintendent shall file such declaration and statement, and refer the same to the attorney-general for his certificate of conformity and approval, and upon the return thereof the superintendent shall record the same with the certificate of the attorney-general in his office, and deliver to such corporation, association or society a certified copy of the papers so recorded, together with his license to carry on the

work of a fraternal beneficiary society, order or association as proposed in such declaration."

The General Corporation Law (L. 1892, ch. 687), section 6, reads as follows: "No certificate of incorporation of a proposed corporation having the same name as an existing domestic corporation, or a name so nearly resembling it as to be calculated to deceive, shall be filed or recorded in any office for the purpose of effecting its incorporation. A corporation formed by the reincorporation, reorganization or consolidation of other corporations or upon the sale of the property or franchises of a corporation, may have the same name as the corporation or one of the corporations to whose franchises it has succeeded.    *    *    *"

The statutes we have quoted are the only provisions of law upon which the superintendent based his opinion that the relator was not entitled to reincorporate under its present name.

Section 6 of the General Corporation Law seems to be perfectly clear, to the effect that the relator is entitled to reincorporate as a matter of right under its present name.

Existing corporations desiring to reincorporate, reorganize, consolidate or assume the franchises of a company purchased, are made exceptions to the general provisions of this section and may take the name of the corporation to which they respectively succeed.

The main object of the section is to prevent a proposed corporation about to organize from assuming the name of an existing corporation or one so nearly resembling it as to be calculated to deceive and mislead the public.

The sections quoted when read together show that the duties of the superintendent thereunder are purely ministerial, as he is not required to take final action until the attorney-general has given his certificate of conformity and approval.

The order appealed from should be affirmed and the writ of peremptory mandamus issued, but as the superintendent of insurance has acted in good faith, without costs.

All concur.

Order affirmed.