[Civil No. 4754.  Filed July 14, 1945.]

[161 Pac. (2d) 110.]

THE CORPORATION COMMISSION OF THE STATE OF ARIZONA and AMOS A. BETTS, WILLIAM PETERSEN, and WILSON T. WRIGHT, as Members of the Corporation Commission of the State of Arizona, Appellants, v. CONSOLIDATED STAGE COMPANY, a Corporation, Appellee.

258

Mr. Joe Conway, Attorney General, and Mr. Thomas J. Croaff, Assistant Attorney General, for Appellants.

Messrs. Struckmeyer & Struckmeyer, and Mr. Claude E. Spriggs, for Appellee.

LaPRADE, J. The appellee is a corporation doing business as a motor carrier of passengers and property for hire under a certificate of convenience and necessity issued by the appellant Arizona Corporation Commission. See Chapter 66, Article 5, Regulation of Public Highway Transportation, Sections 66–501 to 66–533, Arizona Code Annotated 1939. A Mr. Hood, owning a share of stock in the appellee corporation, filed an application with the commission for permission to transfer or assign his share of stock and "his interest" in the corporation to a Mr. Fix. The applicant shareholder proceeded upon the theory that he was one of the joint owners or associates or copartners in the ownership of the assets of the company, and disregarded the legal entity of the corporation. His apparent purpose was to transfer physically what he considered to be his interest in the certificate of convenience, completely

disregarding that the corporation and not *he* owned the certificate of convenience and all other assets of the company. It is elementary that a corporation is for most purposes an entity distinct from its individual members or stockholders. By the very nature of a corporation the corporate property is vested in the corporation itself and not in the stockholders. The natural persons who procured its creation and have pecuniary interest in it are not the corporation. A portion of the commission's order reads as follows:

"It is hereby ordered that the rights of Paul Hood shall be transferred to S. B. Fix."

The pleadings show that the commission ordered the transfer of a share of stock in the appellee corporation from one shareholder to a prospective shareholder.

Upon the application being filed for the transfer of this share of stock, the appellee appeared before the commission and resisted the petition upon the ground that the commission had no jurisdiction under its power granted by law to transfer stock in a private corporation from one party to another. Notwithstanding the protest, the commission made and entered its order that the transfer of said stock be made.

A rehearing was requested as authorized by Section 69–248, Arizona Code Annotated 1939, and was denied. Thereafter the appellee brought this action in the superior court, as provided by Section 69–249, Arizona Code Annotated 1939, to have said order of the appellant set aside for the reason that the order or decision of the commission was unlawful and not within its jurisdiction.

The sole issue presented to the trial court by appellant, as submitted by its counsel, was "whether or not the corporation commission has the power to transfer any stock of any corporation from one party

to another.'' At the trial of the matter the commission moved for judgment upon the pleadings, which motion was denied. The appellee then moved for judgment upon the pleadings, which motion was granted and judgment entered thereon setting aside the order, and thereafter this appeal was perfected by the commission.

The shareholder Hood and the prospective shareholder Fix filed a motion in the superior court for leave to intervene and tendered a proposed answer to plaintiff's complaint. The motion for leave to intervene was denied. The attempted interveners filed an appeal to this court from the order denying their motion for leave to intervene. Their appeal was dismissed by this court on motion upon the ground that they were without authority to appeal in this matter, not being parties to the judgment and not affected thereby.

When the commission assumed the power of transferring stock in a private corporation from one party to another party, it was infringing upon the power given by the legislature to private corporations. The order for the transfer made by the commission was the exercise of a power granted exclusively to the corporation, and interfered directly and materially with its business and its relationship with its stockholders.

In the case of *Wylie v. Phoenix Assurance Co., Ltd.*, 42 Ariz. 133, 22 Pac. (2d) 845, 846, there appears the following brief dissertation relative to the creation of the commission and its powers and duties:

"The corporation commission is provided for by article 15 of the state Constitution. It is given very broad powers over public service corporations. Sections 1, 2, 3. Its jurisdiction over corporations other than public service is limited by Section 4 of said article to the 'power to inspect and investigate the property, books, paper, business, methods, and affairs

of any corporation whose stock shall be offered for sale to the public'; and by Section 5 it is given sole power to issue certificates of incorporation to domestic companies and licenses to foreign corporations to do business in this state, under such terms as the law may prescribe. The only powers conferred upon the corporation commission over corporations other than public utility are found in these two sections and these powers pertain to the right to investigate them when they are offering for sale to the public their stock, and to their qualifications to do business in the state.''

██ We have examined Sections 1, 2, and 3 of Article 15 of the state Constitution relative to the powers of the commission over public service corporations. We have also examined Chapter 66, Article 5, Sections 66–501 to 66–533, Arizona Code Annotated 1939, relating to the regulation of public highway transportation. The foregoing chapter provides for the licensing and regulation of common motor carriers. Their regulation and supervision is vested in the corporation commission. The commission has power to fix and regulate rates, facilities, time schedules, territory to be traversed; to prescribe uniform systems of accounts; to require reports, tariff schedules; and ''to supervise and regulate such common motor carriers in all matters affecting the relations between such carriers and the public, and between such carriers, and other common motor carriers, to the end that the provisions of this act may be fully carried out.'' Section 66–504, Arizona Code Annotated 1939. Nowhere in the Constitution or in the Statutes is the commission given jurisdiction, directly or by implication, to control the internal affairs of corporations such as was attempted in the instant case. This court has uniformly held that the corporation commission, the industrial commission, and other state agencies exercising some of the state's sovereign power have only such jurisdiction and

can exercise only such powers as are expressly or by implication conferred upon them. *State* v. *Jones,* 15 Ariz. 215, 137 Pac. 544; *Menderson* v. *City of Phoenix,* 51 Ariz. 280, 76 Pac. (2d) 321; *Arizona Corp. Commission* v. *Heralds of Liberty,* 17 Ariz. 462, 154 Pac. 202; *Corporation Commission* v. *Pacific Greyhound Lines,* 54 Ariz. 159, 94 Pac. (2d) 443; *Industrial Commission* v. *Arizona Power Co.,* 37 Ariz. 425, 439, 295 Pac. 305.

■ The commission has set out as one of its assignments of error that the court erred in denying the appellant's motion for judgment on the pleadings upon the ground that the appellee was not a party in interest within the meaning of Section 69–249, Arizona Code Annotated 1939, permitting such a party to commence an action to vacate or set aside an order of the commission. A party in interest within the contemplation of this statute has been defined as follows:

"Such a suit cannot be instituted by an individual unless he 'possesses something more than a common concern for obedience to law.' The general or common interest finds protection in the permission to sue granted to public authorities. An individual may have some special and peculiar interest which may be directly and materially affected by alleged unlawful action. See *Detroit & M. R. Co.* v. *Boyne City [G. & A. R.] Co.,* D. C., 286 Fed. 540. If such circumstances are shown he may sue; he is then 'party in interest' within the meaning of the statute. In the absence of these circumstances he is not such a party."

*L. Singer and Sons et al., Petitioner,* v. *Union Pacific Railway Co. (Kansas City, Missouri, Petitioner,* v. *L. Singer & Sons et al.),* 311 U. S. 295, 61 Sup. Ct. 254, 258, 85 L. Ed. 198.

In the case at bar the commission has and exercises plenary power over the corporation in the matter of fixing and regulating its rates, facilities, time schedules, territory traversed; its accounting system; its

tariff schedules and reports; and supervises and regulates all relations between it and the public. The corporation under the license issued it was legally bound to accept such supervision and regulation, but, as above pointed out, the commission has no authority or jurisdiction to control the internal affairs of the corporation. It cannot dictate who its officers shall be, whom it shall employ, who may invest money in it, nor what provisions it shall make for the recognition of its shareholders, nor the manner of transferring shares of stock upon its books. The corporation and its officers occupy a fiduciary relationship to its stockholders. To protect themselves they must at all times know who the stockholders are so that they may know those to whom they are responsible. Chaos would result in all corporations if the corporation commission, under the mantle of state authority, were permitted to dictate to a corporation to whom to issue and transfer its shares of stock. We conclude that the corporation was vitally and materially affected by this pretended order and under the circumstances was a party in interest entitled to prosecute this suit.

The appellant's second assignment of error to the effect that the court erred in granting the motion of appellee for judgment on the pleadings and declaring the order of appellant void for the reason that substantial questions of fact and issuable defenses were presented by the pleadings is not well taken, for the reason that the only question before the court was whether the commission had the authority to transfer a share of stock from one party to another. The answer admitted the making of the order for the transfer. There was no question of issuable fact before the court, therefore, the motion for judgment on the pleadings was properly granted. Section 21–431, Arizona Code Annotated 1939; Rules Civ. Proc. Rule 12(c); *Engle* v. *Scott*, 57 Ariz. 383,

114 Pac. (2d) 236; *Ulen Contracting Corp.* v. *Tri-County Elec. Cooperative*, D. C., 1 F. R. D. 284.

This appeal is patently without merit and evidently frivolous. The judgment is affirmed.

STANFORD, C. J., and MORGAN, J., concur.