## G. B. LIST v. THE COMMONWEALTH.

ERROR TO THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued November 2, 1887—Decided January 3, 1888.

1. The acts of April 4, 1873, P. L. 20, §§ 10, 11, 14, and May 1, 1876, P. L. 53, § 47, prescribing the conditions under which insurance companies incorporated in other states may transact business in this state, are not in conflict with the clauses of the constitution of the United States protective of the privileges and immunities of citizens of the states and restrictive of the power to regulate inter-state commerce.

2. Corporations, being creatures of the law of the state where found and having no right of recognition in other states except upon the terms the latter may prescribe, are not citizens within the meaning of § 2, clause 1, art. IV., and of art. XIV. of the amendments of the constitution of the United States.

3. A policy of insurance, being but a simple contract of indemnity against loss, is not a transaction of commerce within the meaning of § 8, art. 1, of the constitution of the United States, relative to the regulation of commerce between the states.

4. An employee of an insurance company of another state, engaged in this state in the duty of inspecting the condition of buildings with reference to their desirability as risks and making reports thereof, is within the provisions and penalties of said acts of April 4, 1873, and May 1, 1876.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ., TRUNKEY and CLARK, JJ., absent.

No. 166 October Term 1887, Sup. Ct.; court below, No. 261 June Term 1887, Q. S.

In the court below an indictment was found against G. B. List, charging, in the first count, that the defendant " did then and there unlawfully transact business within this commonwealth, as the agent of an insurance company of another state,

to wit, as the agent of the Mutual Fire Insurance Company of Baltimore, in the state of Maryland, without having first procured a certificate of authority so to act from the insurance commissioner of this commonwealth, contrary," etc.; and, in the second count, that said defendant "unlawfully did then and there receive premiums and forward applications, and otherwise transact business for an insurance company and association not of this state, to wit, for the Mutual Fire Insurance Co. of the city of Baltimore, in the state of Maryland, without having received authority agreeably to law for that purpose, contrary," etc.

A demurrer, and a motion to quash, for grounds raised on the argument in this court, were overruled, [1] [2] and, the defendant pleading not guilty, a statement agreed upon by counsel was read to the jury as containing the admitted facts of the case. This statement was as follows:.

That G. B. List, the defendant, is and was at the time of the alleged offence a citizen and resident of Baltimore, Maryland, and was engaged in representing the Mutual Fire Insurance Company of Baltimore, Md., in the capacity of inspector, his compensation and expenses being paid by said company. Said company was a foreign fire insurance company, incorporated in and by the state of Maryland, and not licensed, and having no authorily from the insurance commissioner to do business in Pennsylvania, and had not complied with the laws of Pennsylvania relating to foreign insurance companies.

On February 12, 1887, said defendant visited the city of Pittsburgh and delivered to business men in said city his card, announcing himself as inspector, together with said company's form of premium note and its financial statement to December 31, 1886, and also a list of its officers, directors and committee, which card and statement list are hereto attached and made a part of this statement of facts.

That afterward the defendant visited C. F. Wells, in the city of Pittsburgh, and inquired when his policies of insurance would expire in companies in which said Wells was already insured, and requested permission to inspect the premises of said Wells, and this for the purpose of enabling said Mutual Fire Insurance Company of Baltimore, Maryland, to place a policy or policies of insurance thereon.

That prior to the visit of defendant to the city of Pittsburgh, Messrs. Reed and Edwards received a letter from the secretary of said company, dated February 3, 1887, which letter is hereto attached and made a part of this statement of facts.

That defendant was sent to the city of Pittsburgh by the said company for the purpose of inspecting buildings, ascertaining their exposures, and making diagrams of the same with respect to their desirability as insurance risks for acceptance by said Mutual Fire Insurance Company of Baltimore, Maryland, and that he went to the said Wells and others in the city of Pittsburgh for said purpose.

It is further admitted that on the day and year last aforesaid defendant inspected the Franklin Glue Works, a building in the county of Allegheny in the state of Pennsylvania, for the purpose aforesaid; that he promptly thereafter transmitted a report of such inspection to said company, which company immediately thereafter, for a premium paid to it, placed upon the said glue works said company's policy of insurance against loss by fire. That in pursuance of said employment as inspector, on the day and year last aforesaid, defendant was engaged in the city of Pittsburgh in inspecting risks for the purpose aforesaid, and transmitted reports of his inspection to said company in Baltimore. It is further admitted that his actions were confined entirely to the said business of inspection, and that he did not negotiate or solicit within this state any contract of insurance, or pretend to effect the same, or receive or transmit any offer or offers of insurance, or receive or deliver a policy, or in any manner aid in the business of placing insurance, except as hereinbefore set forth in this statement of facts.

The court, COLLIER, J., in the charge to the jury, answered the defendant's points as follows :

1. That if they find from all the evidence in this case that the only business transacted by defendant, G. B. List, for an insurance company of another state, consisted in making an examination and inspection of buildings, with reference to their desirability as risks, and reporting the facts, there can be no conviction under the law, and it is their duty to acquit the defendant.

Answer: Refused.[3]

2. That if the jury find from all the evidence in the case that the defendant did not quote rates, or solicit insurance, or receive premiums, or forward the same, or perform any of the duties of an insurance agent, but that defendant's action was confined wholly to inspecting and examining the physical and material condition of buildings, such action was not the "aiding in the placing of insurance" prohibited by the law, and there can be no conviction.

Answer: Refused.[4]

3. That there can be no conviction in this case, for the reason that the act of assembly under which the indictment is framed is obnoxious to the constitution of the United States, being an attempt on the part of the state to regulate commerce among the several states, which is in conflict with art. I, § 8, declaring that "Congress shall have power to regulate commerce among the several states," also with art. IV, § 2, declaring that "citizens of each state shall be entitled to all the privileges and immunities of the citizens in the several states," and also with the XIVth amendment, which declares that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

Answer: Refused.[5]

The jury returned a verdict of guilty, together with the statement of facts upon which it was based. A motion for a new trial and in arrest of judgment was overruled and judgment passed that the defendant pay a fine of $500, costs of prosecution, etc. An allowance having been made by Mr. Justice CLARK, the defendant then took this writ assigning for error:

1. The overruling of the defendant's demurrer.[1]

2. The refusing of the motion to quash.[2]

3–5. The answers to the defendant's points.[3] [4] [5]

*Mr. W. P. Potter* (with him *Mr. W. D. Moore*), for the plaintiff in error:

1. By the admitted facts as found by the jury, the defendant was simply an inspector, to examine the condition of buildings affecting their desirability as risks, and his duty was dis-

charged when he reported the facts to his company. He was not such an agent, soliciting risks, as to be within the provisions of §§ 10, 11, 14, act of April 4, 1873, P. L. 20, or § 47, act of May 1, 1876, P. L. 65.

2. If, however, the construction put upon these statutes be correct, we contend that the statutes in question are in conflict with § 2, art. IV., of the constitution of the U. S.: "The citizens of each state shall be entitled to all privileges and immunities of citizens of the several states;" and with art. XIV. of the amendments to said constitution: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States;" in that said statutes make an unjust and unlawful distinction between insurance companies incorporated under the laws of this state and those of other states, and impose an onerous burden in the shape of increased taxation: Ward v. Maryland, 12 Wall. 430; Corfield v. Coryell, 4 Wash. C. C. 380. A corporation and an individual citizen have exactly the same rights under the law: Stockton, Att. Gen., v. Railroad Co., 32 Fed. R. 13.

3. The business of insurance carried on by an insurance company of one state by its agents traveling through other states, is interstate commerce, within § 8, art. I., of the constitution of the U. S., and its regulation is exclusively within the power of congress: Gibbons v. Ogden, 9 Wheat. 1; Smith v. Turner (Passenger Cases), 7 How. 416; Telegraph Co. v. Pendleton, 122 U. S. 356; McCullough v. Maryland, 4 Wheat. 316; Robbins v. Shelby Taxing District (Drummer Case), 120 U. S. 492; Fargo v. Michigan, 121 U. S. 230; P. & S. Steamship Co. v. Pennsylvania, 122 U. S. 326.

*Mr. R. H. Johnston* (with whom were *Mr. C. C. Dickey* and *Mr. W. D. Porter, District Attorney*), for the defendant in error:

The legislature undoubtedly has power to prescribe conditions under which a foreign corporation may transact business in this state, and to place foreign companies in a class by themselves to be taxed independently and differently: art. IV. of the constitution of Pennsylvania; Thorne v. Insurance Co., 80 Pa. 28; Germania Life Ins. Co. v. Commonwealth, 85 Pa. 513; Commonwealth v. Standard Oil Co., 101 Pa. 119; Com-

monwealth v. Railroad Co., 98 Pa. 90 ; Commonwealth v. Ferry Co., 98 Pa. 105.

2. The questions raised under the constitution of the United States have been expressly ruled against the defendant by the Supreme Court of the U. S.: Paul v. Virginia, 8 Wall. 168 ; Ducat v. Chicago, 10 Wall. 410.

OPINION, MR. JUSTICE GREEN :

We cannot regard the questions presented by this record as open questions in any sense. They are all settled emphatically and . decisively by the decision of the Supreme Court of the United States in the case of Paul v. Virginia, 8 Wall. 168. The syllabus of that case is as follows :—

A state statute which enacts that no insurance company not incorporated under the laws of the state passing the statute shall carry on its business within the state without previously obtaining a license for that purpose, and that it shall not receive such license until it has deposited with the treasurer of the state bonds of a specified character to an amount varying from thirty to fifty thousand dollars, according to the extent of the capital employed, is not in conflict with that clause of the constitution of the United States, which declares that "the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states," nor with the clause which declares that congress shall have power " to regulate commerce with foreign nations and among the several states." Corporations are not citizens within the meaning of the first of these clauses. They are creatures of local law and have not even an absolute right of recognition in other states, but depend for that and for the enforcement of their contracts upon the assent of those states, which may be given accordingly on such terms as they please. The privileges and immunities secured to citizens of each state in the several states, by this clause, are those privileges and immunities which are common to the citizens in the latter states under their constitution and by-laws, by virtue of their being citizens. Special privileges enjoyed by citizens in their own state are not secured by it in other states. The issuing of a policy of insurance is not a transaction of commerce within the meaning of the latter of the two clauses, even though the parties be domiciled

in different states, but is a simple contract of indemnity against loss.—

In the case of Ducat v. Chicago, 10 Wall. 410, the foregoing case was reaffirmed and followed, and the court in the opinion said: "The power of the state to discriminate between her own domestic corporations and those of other states desirous of transacting business within her jurisdiction, is clearly established in the case we have referred to, Paul v. Virginia, as it also had been in the previous case of Augusta v. Earle, 13 Pet. 517." The opinion in the case of Paul v. Virginia is so conclusive and exhaustive that it is only necessary to refer to it; no other opinion could be anything more than a repetition of it.

In this court in the case of Thorne v. Travellers' Ins. Co., 80 Pa. 28, the same doctrine was announced. We there said: "There can be no doubt of the constitutional power of the legislature to prescribe the conditions under which a foreign corporation shall transact business in this state and the manner in which its agents shall be qualified before entering on their duties." See also to the same effect Germania Life Insurance Co. of New York v. The Commonwealth, 85 Pa. 513.

It cannot be doubted that the plaintiff in error brought himself within the words, as well as the spirit of the act of 1873, although he called himself an inspector. He was certainly an agent of his company and he certainly did take action relating to risks, and these are the words which define the prohibited acts and subject the party to the penalties of the law in question. We do not consider it necessary to prolong the discussion.

Judgment affirmed.