Argued March 24, writ allowed April 14, opinion sustained on rehearing May 19, 1914.

## WALLACE & CO. *v.* FERGUSON.

(140 Pac. 742; 141 Pac. 542.)

**Insurance—Regulation of Agents—Issuance of License.**

1. Under Laws of 1911, pages 376, 377, Sections 1–4, providing that the making of contracts between individuals, firms or corporations, providing indemnity among each other from fire loss or other damage to their own property, shall constitute the business of insurance, but shall not be subject to the laws relating to insurance corporations or associations except as provided in the act, and authorizing the issuance to agents for such parties of a license on the payment of a fee, and compliance with other requirements of the act, the insurance commissioner has no power to prescribe additional requirements, and agents who have complied with the statutory requirements are entitled to the license.

[As to the validity of a statute licensing an insurance agent or broker, see note in Ann. Cas. 1914B, 266.]

ON REHEARING.

**Constitutional Law—Constitutionality of Statute—Presumption.**

2. The judiciary will not declare an act of the legislative department unconstitutional and void unless the incompatibility between the statute and the fundamental law is plainly manifest.

> [As to the caution courts observe in declaring laws void, see note in 48 Am. Dec. 269.]

**Statutes—Subjects and Titles—Regulation of Indemnity Contracts—"Define."**

3. Laws of 1911, page 376, entitled "An act defining certain classes of indemnity contracts, prescribing regulations therefor, and prescribing a license fee," and providing that the making of contracts between individuals, firms and corporations, providing indemnity among each other from fire loss or other damage to their own property, shall constitute the business of insurance, but shall not be subject to the laws relating to insurance corporations or associations except as provided in the act, and providing regulations for agents through whom such contracts are exchanged, is not violative of Article IV, Section 20, of the Constitution, relating to subjects and titles of acts; the word "define," as used in the title to the act, meaning not merely to explain the meaning of a word or phrase, but to establish or prescribe authoritatively.

> [As to the meaning of "define," "defined," and "defining" (not "definition"), see note in Ann. Cas. 1914B, 98.]

**Constitutional Law—Privileges and Immunities of Citizens.**

4. Laws of 1911, page 376, relating to contracts between individuals, firms or corporations, for indemnity among each other from property loss, is not violative of Article I, Section 20, of the Constitution, prohibiting any law granting to any citizen or class of citizens privileges or immunities which, upon the same terms, shall not equally belong to all citizens.

Original proceeding in Supreme Court.

In Banc.    Statement by MR. JUSTICE BURNETT.

This is a proceeding by Guy L. Wallace & Company, a corporation, against J. W. Ferguson, insurance commissioner of the State of Oregon, and is based upon an original writ of *mandamus* emanating from this court, directing the defendant, as the insurance commissioner of the state, to issue to the plaintiff the certificate of authority described in Section 4 of Chapter 222 of the General Laws of 1911, or to show cause why he has not done so. The writ alleges in terms a compliance by the petitioner with the provisions of

that statute and the refusal of the officer to furnish the certificate.

In substance, the return to the writ admits the declarations thereof, and states that the commissioner is invested with large discretion in all matters pertaining to insurance, in pursuance of which he has prescribed certain conditions and regulations respecting applications for the certificate in question with which the plaintiff has not complied, and assigns this as a reason for not issuing the evidence of authority desired.

A reply was filed, and the cause has been argued on the question of whether or not the commissioner has authority to promulgate the stated conditions precedent to the issuance of the certificate.

WRIT ALLOWED.

ON REHEARING OPINION SUSTAINED.

For plaintiff there was a brief over the names of *Messrs. Seitz & Clark* and *Messrs. Carson & Brown,* with oral arguments by *Mr. Maurice W. Seitz* and *Mr. John A. Carson.*

For defendant there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. James W. Crawford,* Assistant Attorney General, with an oral argument by *Mr. Andrew M. Crawford.*

For defendant on petition for rehearing there was also a brief over the names of *Messrs. Joseph & Haney* and *Mr. Isaac H. Van Winkle.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Accompanying the pleadings in the case are sundry exhibits, and what seems to be testimony taken before

a stenographer and notary public; but these were not presented to the court at the hearing, although Section 625, L. O. L., states that "in the Supreme Court the writ may be allowed by the court or any judge thereof, but shall only be tried and determined by the court; and all issues of either fact or law therein shall be tried by the court." The case, however, may be determined upon the pleadings, and will be so treated.

The act (Laws 1911, p. 376) under which the petitioner professes to be operating provides as follows:

"Section 1. That the making of contracts between individuals, firms or corporations, providing indemnity among each other from fire loss or other damage to their own property shall constitute the business of insurance but shall not be subject to the laws of this state relating to insurance corporations or associations except as provided in this act.

"Sec. 2. The attorney, agent, or other representative acting for such individuals, firms or corporations shall file with the insurance commissioner of this state before transacting business therein a declaration in writing verified by the oath of such attorney, agent or other representative setting forth: (a) The name or title of the office through which such individuals, firms or corporations exchange such contracts; (b) a copy of the form of contract, power of attorney and rules under and by which such indemnity is to be effected; (c) the location of the office or offices through which such contracts are to be issued; (d) a statement showing the joint cash assets and liabilities.

"Sec. 3. Such attorney, agent or other representative acting for such individuals, firms or corporations shall also file with the insurance commissioner a power of attorney authorizing the insurance commissioner to make and accept service in any proceeding in any of the courts of justice in the State of Oregon or any of the United States courts therein, which shall stipulate and agree on the part of such attorney, agent or other representative acting for such individuals, firms or corporations that any legal process which is served

on the insurance commissioner shall be of the same legal force and validity as if served on the individuals, firms or corporations contracting for the exchange of indemnity among themselves."

Section 4 provides, in substance, that the representatives through whom insurance contracts of the character described in the act are issued or negotiated shall procure from the insurance commissioner a certificate of authority containing certain provisions therein named, which credential shall be renewed annually during the month of December for the ensuing calendar year on proper application to the insurance commissioner, and prescribes a fee of $15 in connection therewith.

After stating that the plaintiff is a corporation organized for the purpose of acting as attorney or agent for those desiring to exchange insurance among themselves, the return alleges:

"That the business in which Guy L. Wallace & Co., plaintiff, is engaged, is subject to a reasonable regulation by the insurance department of this state, and the insurance commissioner is authorized and empowered by law to prescribe and enforce such reasonable conditions as he may deem advisable to be observed by such companies as plaintiff herein, before permission is given to engage in such business in this state."

This allegation is nothing else than a conclusion of law, and states no facts affecting the case. The return further sets out certain regulations which the commissioner has prescribed to be observed in such cases as this, but which are not found in the statute already quoted. Finally, the defendant bases his refusal to issue the certificate solely upon the neglect of the plaintiff to comply with these rules which he has established. The commissioner, being a creature of the statute and not a common-law officer, must find

his authority in the statute establishing his office and prescribing his duties. It is the law of his official being and the boundary of his official activities. The enactment already quoted states explicitly that insurance of the kind mentioned therein ''shall not be subject to the laws of this state relating to insurance corporations or associations except as provided in this act.''

In *Bankers' Deposit etc. Co.* v. *Barnes,* 81 Kan. 422 (105 Pac. 697), it is said:

''Whether the regulation proposed by the superintendent of insurance be or be not desirable as a safeguard to the people of the state, we cannot, considering the provisions of these statutes, reasonably infer that the legislature intended to leave anything to his discretion in the matter. On the other hand, it seems that the legislature has prescribed every step and requirement to be taken by or demanded of the applicant to entitle it to a certificate of authority to do business, and has provided that upon the taking of these steps it shall be the duty of the superintendent of insurance to issue a certificate of authority. The statute seems indeed to be an express negation of any further requirement.''

Legislation in this state has gone far along the path of paternalism in relation to insurance, and the conditions laid down by the commissioner to which reference has been made might possibly be effectual progress in the same direction; but the sanction for such action rests alone with the legislative power, and cannot be assumed by a mere administrative officer. The case is analogous to the situation described in *State* v. *Des Chuttes Land Co.,* 64 Or. 167 (129 Pac. 764) where the state land board incorporated in the contract with the defendant certain conditions not authorized by the statute under which the stipulation was made, and it was there held that the agent of the state, acting

under a public law, must find sanction for his doings in the statute itself. The unauthorized provisions were held not to be binding.

The record here shows a full compliance by the petitioner with the requirements of the statute, leaving no alternative to the defendant except to furnish the certificate; and a peremptory writ will be issued to that end.

WRIT ALLOWED.

ON REHEARING OPINION SUSTAINED.

---

Former opinion sustained May 19, 1914.

ON REHEARING.

(141 Pac. 542.)

In Banc. MR. JUSTICE BURNETT delivered the opinion of the court.

In his return to the original writ of *mandamus* directing him to issue to the plaintiff the certificate of authority prescribed in Section 4, Chapter 222, of the General Laws of 1911, the defendant based his refusal to issue the same solely upon the neglect of the plaintiff to comply with certain rules which the defendant as insurance commissioner had established to control such documents independent of the statute. The court having allowed the writ, the defendant by his petition for rehearing urges that the statute mentioned is unconstitutional and void for two reasons: (1) Because the subject of the act is not expressed in its title; and (2) because it purports to exempt certain persons engaged in carrying on an insurance business from a compliance with the general insurance laws of

the state, which exemption is not enjoyed by other persons upon the same terms.

2. As a preliminary question we may reiterate a rule often heretofore laid down by this court to the effect that the judiciary will not declare an act of the legislative department of the government unconstitutional and void, unless the incompatibility between the statute and the fundamental law is plainly manifest. In the words of Mr. Chief Justice GROESBECK *In re Commissioners of Johnson County,* 4 Wyo. 133 (32 Pac. 850):

"Before an act of the legislature is pronounced void, it should appear that there has been a clear and palpable evasion of the Constitution. The judiciary ought to, accord to the legislature as much purity of purpose as it claims for itself; as honest a desire to obey the Constitution; and also a high capacity to judge of its meaning."

See, also, *Cook* v. *Port of Portland,* 20 Or. 580 (27 Pac. 263, 13 L. R. A. 533); *Deane* v. *Willamette Bridge Co.,* 22 Or. 167 (29 Pac. 440, 15 L. R. A. 614); *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028); *Simon* v. *Northup,* 27 Or. 487 (40 Pac. 560, 30 L. R. A. 171); *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac. 710, 75 Pac. 222); *Straw* v. *Harris,* 54 Or. 424 (103 Pac. 777); *Miller* v. *Henry,* 62 Or. 4 (124 Pac. 197, 41 L. R. A. (N. S.), 97).

3. The title of the statute in question reads thus: "An act defining certain classes of indemnity contracts, prescribing regulations therefor, and prescribing a license fee." In respect to contracts themselves, the language of the first section is:

"That the making of contracts between individuals, firms, or corporations, providing indemnity among each other from fire loss or other damage to their own property shall constitute the business of insurance, but shall not be subject to the laws of this state relating to in-

surance corporations or associations except as provided in this act."

This is the only provision of the act respecting the nature of contracts coming within its scope, and it is contended that this language does not amount to a definition of indemnity contracts within the meaning of the title. In other words, the argument is that the subject matter of the statute does' not find expression in the title. In Article IV, Section 20, our Constitution says:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title."

If to "define" meant alone to state the signification or to explain the meaning of what is expressed by a word or phrase, then we might conclude that the title in question afforded no index to what appears in the body of the act. This, however, is but one aspect of the term "define." The Century Dictionary says this word means: "To determine, settle; to fix, establish or prescribe authoritatively." In this sense the title is equivalent to saying that it is an act establishing certain classes of indemnity contracts. The language of the enactment in that respect simply fixes that relation which contracts of the kind between individuals, firms or corporations, acting in their own interests and respecting their own property, bear to the general laws of the state which govern insurance corporations or associations as distinguished from individuals. In this conception of the word the title and the subject matter of the act coincide so that the former is a fair index of the details of the latter: *In re Commissioners of Johnson County,* 4 Wyo. 133 (32 Pac. 850); *Walters* v. *Richardson,* 93 Ky. 374 (20 S. W. 279); *People* v. *Bradley,* 36 Mich. 447.

The sum and substance of the whole statute is a recognition of the right of individuals to make contracts of insurance one with the other without being subject to the burdens and requirements of government by commission; and in so many words exempts individuals from the laws relating to insurance corporations or associations except as provided in the act itself. All the other insurance laws of the state are directed toward the regulation of artificial persons such as corporations or associations which engage directly in the business of insuring the property of others or of their members, while the statute in question deals only with individuals who insure themselves directly without resorting to the device of a corporation for that purpose. The classification is based upon the distinction between persons carrying their own insurance directly and those who rely upon some corporation or association to perform that service for them. It is a legitimate exercise of the legislative power thus to differentiate between direct and vicarious action by individuals in the matter of insurance.

An opinion of the Supreme Court of Missouri in *State ex rel.* v. *Revelle,* 257 Mo. 529 (165 S. W. 1084), declaring unconstitutional a statute in some respects like the one under consideration, has been pressed upon our attention in the petition for rehearing. In the first place, the Constitution of Missouri states that:

"No bill except general appropriation bills * * shall contain more than one subject which shall be clearly expressed in its title."

This excerpt from the Constitution of that state is more restrictive than our own on the same subject. With us the act may express one subject, together with matters properly connected therewith, but only the subject is required to be expressed in the title. Again,

the statute under consideration by the Supreme Court of our sister state declares that such contracts shall not constitute insurance and shall not be subject to the laws of the state on that subject, all without exception. Our statute declares that such contracts shall constitute the business of insurance, but shall not be subject to the laws on that subject governing artificial persons, with the exception provided in the act. Holding in substance that the title was deceptive in that, while professing to define certain classes of indemnity contracts and to regulate them, the real purport of the act was to emancipate such agreements from all regulations whatever, and to take them entirely out of the law relating to insurance, the court declared the act violative of the restricted terms of the Missouri Constitution on that subject. The terms of the Missouri Constitution and statute are different in material particulars from our own, and when compared with the more liberal terms of our fundamental law it is manifest that the act here in question must be upheld as against questions about disagreement between the title and the body of the act.

As already shown, the fixing and establishment of such contracts in their relation to the laws of the land sufficiently meet the terms of the title "defining certain classes of indemnity contracts." If two or three persons should, as well they might, contract with each other for insurance, the execution of such an agreement would be comparatively easy; but, when a great number of individuals undertake to enter into such a compact, it is convenient to have the same accomplished through an agent or attorney in fact. Hence the regulations embodied in the act respecting such agents are "matters properly connected" with the subject of the act, namely, contracts of insurance among individuals.

4. Neither is the statute subject to the objection that it violates Article I, Section 20, of the Constitution, declaring that:

"No law shall be passed granting to any citizen or class of citizens, privileges or immunities which, upon the same term, shall not equally belong to all citizens."

The statute does not by any fair construction purport to grant any special privileges to anyone. The only endeavor of the legislative department of the government in respect to insurance hitherto has been to regulate corporations and associations engaged directly in the insurance business. It has never been forbidden to individuals to make that kind of a contract the same as any other lawful agreement. The enactment in question does not purport to abridge that right or deny it to any persons in favor of any class of individuals. Now, as always before the statute in question, Jones and Brown and Smith, or any other number of individuals, may make such a contract; and no special privileges are conferred upon them as against Jenkins and Johnson. On the contrary, restrictions and not advantages are provided for those who would act as agents for numerous parties contracting with each other on the subject of insurance. The act is not amenable to either of the objections urged in the petition for rehearing.

We adhere to the former opinion.

WRIT ISSUED. FORMER OPINION APPROVED.