JAMES W. FERGUSON, PROSECUTOR, v. WILLIAM E.
TUTTLE, JR., COMMISSIONER, ETC., RESPONDENT.

Argued February 15, 1921—Decided February 28, 1921.

The statute (*Pamph. L.* 1919, *p.* 302), which prescribes that no in-
surance company of another state, except a life insurance com-
pany, may transact business in this state, except through agents,
"whose principal place of business is located in this state," is
valid legislation. It does not abridge any right guaranteed by
the state or federal constitutions.

On *certiorari*.

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *Pitney, Hardin & Skinner*.

For the respondent, *Thomas F. McCran*, attorney-general,
and *William Newcorn*, assistant attorney-general.

The opinion of the court was delivered by

BLACK, J. In this case the prosecutor attacks the statute.
*Pamph. L.* 1919, *p.* 302. This is an amendment to the act
regulating insurance companies and to regulate the transac-
tion of insurance business in this state. Section 80 is amended
so that no insurance company of another state, except a life
insurance company, may transact business in this state, except
through authorized agents, "whose principal place of busi-
ness is located in this state." The prosecutor admits on the
record that "his principal place of business" is in New York
city. On this admission, the commissioner of banking and
insurance revoked the license of the prosecutor to act as the
agent in this state of the Hartford Fire Insurance Company
of Hartford, Connecticut. Hence, the writ in this case is to
test the legality of such order, dated February 3d, 1921. The
meaning and purpose of the statute are clear. Its application
to the facts admitted is free from doubt. There is no room,

therefore, either for construction or interpretation. The sole duty of the court is to give the statute the meaning conveyed by its language.

The attack is made, however, upon the validity of the statute. It is said to offend against article 1, paragraph 1 of the state constitution, in that it is an unreasonable and arbitrary restriction upon the rights of citizens of this state to enjoy, acquire, possess and protect property and pursue and obtain safety and happiness; that it offends against the fourteenth amendment to the constitution of the United States, which provides that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor deny to any person within its jurisdiction the equal protection of the laws. It is invalid because it imposes an arbitrary and unreasonable requirement.

We think these questions are all disposed of adversely to the prosecutor, by what this court said, speaking through Mr. Justice Collins: It is settled beyond controversy that one state may forbid an insurance company of another state from doing business at all within its territory, or may at pleasure impose conditions on such business and may punish individuals for acting as the agents of an interdicted company. This does not abridge any right guaranteed by the state or federal constitutions. *Hickman* v. *State,* 62 *N. J. L.* 499, 504; *affirmed,* 63 *Id.* 666. That one state may forbid a company of another state from doing business at all within its territory has long been the settled rule of the Supreme Court of the United States, the ultimate authority on the point under discussion. *Hooper* v. *State of California,* 155 *U. S.* 648; *Hammond Packing Co.* v. *State of Arkansas,* 212 *Id.* 322, 343. If it be conceded that the state has the power to exclude altogether, as it must be, it is difficult to see why the state has not the power to regulate. A power to exclude embraces the power to regulate.

Lastly, it is said the statute imposes an arbitrary and unreasonable requirement, but the qualification prescribed by the statute is neither arbitrary nor discriminatory between persons. It is simply one of the prerequisites under which a

foreign insurance company can do business in the state. There is no discrimination between insurance agents who have a principal place of business within the state. The legislature in its wisdom had the power to prescribe the conditions under which agents can do business in the state for foreign insurance companies.

The order of the commissioner of banking and insurance, dated February 3d, 1921, revoking the prosecutor's license is affirmed, with costs.