[Nos. 3128, 3129.   Nov. 13, 1926.]

FRANKLIN FIRE INS. CO. v. MONTOYA et al.
STATE ex rel. FRANKLIN FIRE INS. CO. et al. v. SAME.

[251 Pac. 390.]

SYLLABUS BY THE COURT

Section 69, c. 135, Laws 1925, prohibiting more than one agent of a fire insurance company in each town, offends due process and special privilege clauses of Constitution.

[1] 32CJ p. 983 n. 26 New.

Appeal from District Court, Santa Fé County; Holloman, Judge.

Suit for injunction by the Franklin Fire Insurance Company and for mandamus by the state, on the relation of the Franklin Fire Insurance Company and another, against Bonifacio Montoya and others, members of the State Corporation Commission, and another. From judgments for defendants in both cases, plaintiffs appeal. Cases consolidated on appeal. Judgments reversed and causes remanded, with directions.

E. R. Wright and C. J. Roberts, both of Santa Fé, for appellants.

Fred E. Wilson, Atty. Gen., and Simms & Botts, of Albuquerque, for appellees.

OPINION OF THE COURT

WATSON, J. An application to the superintendent of insurance by Franklin Fire Insurance Company and Theodore N. Espe for the issuance of a license to Espe, as agent for said company in Santa Fé, having been refused on the ground that the company already had a licensed agent in Santa Fé, and an appeal to the state corporation commission having failed, it was sought, by mandamus, to compel such issuance. The corporation commission threatening to cancel the company's license to do business in the state because of such application, said company sought, by injunction, to prevent such cancellation. Relief in both cases having been denied in the district court, both were appealed. As the same facts and law are involved in both cases, they have been submitted and will be decided together.

Chapter 135 of the Laws of 1925 is entitled: "An act relating to insurance and to codify the insurance laws of the state of New Mexico." It was no doubt intended as a comprehensive code to regulate insurance companies, both foreign and domestic, in their deal-

ings with the citizens of this state. Section 69, in so far as material to this inquiry, provides:

"It shall be unlawful for any company licensed to transact an insurance business in the state of New Mexico to appoint more than one agent in any city, town or village for each kind of insurance that the said company is licensed to transact, with power to issue or countersign insurance contracts, or otherwise obligate the company, and the superintendent shall not issue more than one license in the name of an agent of any individual company in each city, town or village for each kind of insurance that the said company is licensed to transact. * * *

"This section shall not apply to life insurance companies.
"Any company or agent violating the spirit or intent of this section shall have its license suspended."

Appellants predicate their right to the relief of mandamus and of injunction upon the unconstitutionality of this section. Counsel for appellees, the state corporation commission and the superintendent of insurance, concede that if section 69 is unconstitutional, appellants are entitled to the relief.

It is contended that section 69 is in violation of the due process of law provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, and of the similar provision (article 2 § 18), of the Constitution of this State, and that it is also in violation of article 4, § 26, of the Constitution of New Mexico, prohibiting the legislative grant of special rights, franchises, privileges, immunities, or exceptions. Appellees defend the section as a valid exercise of the police power to regulate fire insurance, as a business clothed with a public interest.

Northwestern National Ins. Co. et al. v. Fishback, 130 Wash. 490, 228 P. 516, 36 A. L. R. 1507, is cited and relied upon by appellants, and is the only case directly in point which has been brought to our attention. The majority of the court in that case held that a similar provision in the Washington Code was not an attempt to regulate the insurance business, but merely an unwarranted restriction sought to be imposed upon the occupation of insurance agent; that while it might be conceded that the insurance business in general was

clothed with such a public interest as to render it subject to reasonable regulation for the general welfare, it did not necessarily follow that the insurance agency business, considered separately, was not a strictly private business. It was held, therefore, that the section there in question, if permitted to stand, would deprive citizens of the state, without due process of law, of their right to engage in a lawful calling, and to enter into lawful contracts for their services, and would, at the same time, secure to other citizens of the state special privileges not inuring equally to all.

The dissenting opinion of Parker, J., representing the views of the minority, considers that no constitutional rights of the citizen there applying for the license were involved. It takes the view that the provision in question is a reasonable regulation of insurance companies for the public welfare, and that any incidental privilege to one citizen, and limitation of the right of another, resulting therefrom, is inconsequential. This is, in substance, the position taken by the appellees in the case at bar.

In German Alliance Ins. Co. v. Lewis, 233 U. S. 291, 34 S. Ct. 612, 58 L. Ed. 1011, L. R. A. 1915C, 1189, the Supreme Court of the United States held that the business of insurance is one clothed with a public interest, so that the states, in the exercise of the police power, may regulate their rates.

It was there pointed out that such business might be, and had been, regulated as to its dividends, its investments, form and extent of its policies by prohibiting discriminations, and rebates, and by limiting its risks. Such regulations, perhaps, do not exhaust the police power; but no case has been brought to our attention holding that the insurance agency business, as such, is subject to regulation. We are not called upon to decide whether it is or not. It is sufficient to say here that it is an ordinary business, familiar in every community. Hardly any fire insurance agent contents himself with the representation of one insurer. The larger ones represent many. An agency contract is

valuable property, and the right to enter into such a contract, and to engage in that business, is a valuable right. If, by law, those persons entrenched in the business with agency contracts are secured from competition, they have been granted a special privilege not enjoyed by other citizens not so entrenched. It may be conceded for the purposes of this case that constitutional provisions intended to preserve the rights of individual citizens may sometimes be forced to yield to the public welfare. It should first appear, however, that it is the public welfare which is involved, rather than the interests of a favored few.

A reading of chapter. 135 discloses no reasonable connection between the scheme of regulating the business of fire insurance therein developed and the restriction in question. Many provisions are therein contained in the interest of the insured public. For the enforcement of these provisions, wide visitorial and supervisory powers are given to the superintendent of insurance. These powers seem to be ample for the enforcement of the provisions. As to the conduct of the business of fire insurance agencies, there are no regulations; no records are required to be kept by them, and no reports made. It seems to be contemplated that the insurance department of the state is to deal directly with the insurance companies. So we are not impressed with the soundness of appellees' argument that the regulation of fire insurance companies is made easier and less expensive by the provision that each company shall have but one representative in a town.

It is true that certain practices by insurance agents are prohibited under penalties and forfeiture of license. Most of these provisions relate, it appears, especially to life insurance. We find no restrictions upon the conduct of fire insurance agents seeming reasonably to require visitation and supervision of them, and we find nothing in the statute to satisfy us that the Legislature intended to establish any such control over them. In the dissenting opinion in the Washington case, it is pointed out that their statute requires the agent to keep

a complete record of all transactions. Such a provision furnishes some ground for arguing that the Legislature considered either that such record would aid in the supervision of the fire insurance business or that the agency business required supervision. We have no such provision here.

It is urged by counsel for appellees that there is a strong presumption in favor of the constitutionality of the statute, and that the reasonableness of a police regulation is a question, in the first instance, for legislative decision, and that, the Legislature having adopted such a regulaton, there is a presumption in favor of its reasonableness. Before these principles can operate, however, it should appear that the Legislature regarded the restriction as a reasonable police regulation. There are many provisions of chapter 135 the purpose of which is manifest. They contribute to and facilitate state supervision of corporations authorized to make insurance contracts with citizens of New Mexico. Wherein section 69 contributes to such general purpose does not appear from the act itself, is not satisfactorily shown in argument, and has not been discovered by us. It stands alone, apparently expressing legislative intent to deprive some persons of property without due process and to grant special privileges to others. No other purpose appears. No other substantial result follows. Not regarding it as an attempt to exercise the police power, we are not called upon to consider the extent of such power, nor the extent to which, when invoked, it will prevail over the constitutional limitations in question.

The arguments of counsel have taken a much wider range than here indicated. The conclusion we have reached, for the reasons stated and upon the authority of Northwestern National Ins. Co. et al. v. Fishback, supra, makes it unnecessary to consider the other interesting and ably presented points.

Holding that section 69 is unconstitutional in its present connection, it follows that the court erred in both of the cases, and that both judgments should be

reversed and the causes remanded, with directions in cause No. 3129 to grant peremptory writ of mandamus, and in cause No. 3128 to grant permanent injunction; and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.