HERBRING *v.* LEE, INSURANCE COMMISSIONER
OF OREGON.

No. 17. Argued October 23, 24, 1929.—Decided November 25, 1929.

Mr. *Thomas MacMahon* presented the oral argument, and *Messrs. Karl Herbring, pro se,* and *Guy E. Kelly* filed a brief for appellant.

*Messrs. I. H. Van Winkle,* Attorney General of Oregon, and *Willis S. Moore,* Assistant Attorney General, were on the brief for appellee.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case arose under the Insurance Law of Oregon. 2 Oregon Laws, Tit. 36, §§ 6322 to 6604. Section 6388 of this Law provides, *inter alia,* as follows:

(1) " It shall be unlawful for any fire insurance company doing business in the state of Oregon to write, place or cause to be written or placed, any policy or contract for indemnity or insurance on property situated or located in the state of Oregon, except through or by the duly authorized agent or agents of such insurance company residing and doing business in this state, to whom the premium on such insurance shall be paid . . .";

(4) "Every insurance company licensed to transact a fire insurance business in this state and lawfully doing such business therein, may, in respect thereof, establish agencies in this state, to consist of but one agent, for each city, town or village in the state . . . and additional agencies as hereinafter provided, and the name of every agent appointed, in accordance with the provisions of this section shall be filed with the insurance commissioner immediately upon the making of such appointment by any such company. The insurance commissioner shall thereupon issue to each such agent . . . qualified as provided in this act a certificate setting forth that such agent is entitled to act for the company appointing him for the balance of the current year . . . The fee fixed for issuing such certificate shall be $2 and shall be paid to the insurance commissioner . . .";

(7) "Any such insurance company . . . may appoint one additional agent . . . in any city of this state having a population of fifty thousand or more inhabitants according to the last federal census . . .";

(8) "Any such insurance company may appoint an additional agent or agents . . . in any city of this state on application to the insurance commissioner and the payment of an annual license fee of five hundred dollars for each such agent."

Herbring, a resident and practising attorney in the city of Portland, Oregon, in good standing, applied to Lee, the Insurance Commissioner of Oregon, for an agent's license to represent the Northwestern National Insurance Company of Milwaukee—a foreign corporation duly qualified to write policies of fire insurance in Oregon, and already having two agents in Portland. The application—upon which the Company had indorsed its approval—was accompanied by Herbring's check for $2 as payment for a license fee. The Commissioner returned

this application to the Company, stating that he could not accept an application direct from Herbring and requesting that the Company make the application. The Company itself thereupon executed an application for a license to Herbring to represent it as agent in Portland, and sent this to the Commissioner, but without the payment of any fee or any offer of such payment. The Commissioner returned this application to the Company, stating that as it already had two agents in Portland, its request for an additional license to Herbring could not be granted unless it wished to pay the additional fee of $500 prescribed by the Oregon law. On the same day the Commissioner returned Herbring's check and advised him that his application had been returned to the Company as he would make a third agency for the Company in Portland, " and this is not permissible under the Oregon Insurance Laws, unless the additional fee of $500 is paid for such license."

The Company, so far as appears, neither replied to the Commissioner, nor paid or tendered the $500 fee, nor questioned the validity of this requirement. Herbring, however, appealed to the Circuit Court of the county from the decision of the Commissioner refusing to issue to him a license as an agent for the Company. See § 6335. The Company was not a party to this appeal. The court—which heard the matter without pleadings— finding that the Company's application for the appointment of Herbring to act as an additional agent was denied by the Commissioner for the reason that it refused to pay the license fee of $500 required by subd. 8 of § 6388 to be paid by any insurance company appointing an additional agent, and that this provision is " void and unconstitutional and an unlawful interference with the right of said agent to engage in the business of selling fire insurance in the State of Oregon and with the right of said

insurance company to appoint such agent, except upon the payment of said additional license fee," ordered the Commissioner to issue a license to Herbring to act as agent for the Company in Portland, without requiring the Company to pay $500 as a license fee for such appointment.

On an appeal by the Commissioner from this order, the Supreme Court of Oregon held that the payment of the $500 fee is required by § 6388 "as a condition precedent to the right of any fire insurance company to appoint such additional agent"; that, "a foreign corporation being required to comply with the statute, in order to be entitled to appoint agents and consummate its business in the state of Oregon, it follows . . . that in order for an agent to obtain a license to represent such a foreign corporation there must first be a compliance by the foreign corporation with the requirements of our state law," and that "the rights of one applying for a license to act as agent for such insurance company are contingent upon the compliance of the company with conditions precedent to its right to appoint such an agent"; and further, that subd. 8 of § 6388 is not repugnant to either the privileges and immunities clause or the equal protection clause of the Fourteenth Amendment, but is a valid legislative requirement of a foreign insurance company in the conduct of its business in Oregon. The judgment of the Circuit Court was accordingly reversed, and the proceeding dismissed. 126 Ore. 588.

From this judgment Herbring was allowed an appeal to this Court. The only Federal question presented by his assignments of error is that the Supreme Court of Oregon "erred in holding that Sub-div. 8 of § 6388 of the Oregon Laws does not abridge the rights of the appellant Karl Herbring, guaranteed by § 1 of the 14th Amendment to the Constitution of the United States."

1. In support of this assignment the appellant takes the position that the obtaining of an agent's license, while a condition precedent to the right of the agent to do business, has no bearing whatever upon the rights and privileges of the corporation, and that the statute "is an unreasonable and unwarrantable interference with the right of the individual to carry on a legitimate business, and class legislation in that it is an attempt to monopolize the insurance agency business," and "in reality not a corporate regulation, but an unconstitutional attempt to deprive the individual of his common law right to follow an inherently lawful occupation."

This position is not well taken. Subd. 8 of § 6388, as appears upon its face and from the entire context, is not directed against individual insurance agents and imposes no restrictions upon them, but is, as construed by the Supreme Court of the State, a provision requiring the insurance company itself to pay a $500 fee as a condition precedent to its right to appoint an additional agent to represent it in any city. To exercise this right, as indicated by the statute, it must apply to the Insurance Commissioner and pay the additional license fee for such agent. It is plainly no interference whatever with the right of the individual to carry on the business of an insurance agent, or class legislation in this respect. It is obvious that, as pointed out by the Supreme Court of Oregon, in order that an agent may be licensed to represent a company there must first be a compliance by the company with the requirement of the statute; the right of one applying for a license to act as an agent for the company being contingent upon such compliance. No one has the right to receive a license to represent a company as its agent, when the company itself has no right to appoint him. And the contention that the statute is an unconstitutional interference with the individual

rights of Herbring himself in conducting the business of an insurance agent, is without merit.

2. The appellant also urges in argument, that " if the statute be regarded as a corporate regulation, rather than as an individual prohibition, it is unconstitutional, in that it is unreasonable, arbitrary and capricious " and cannot be sustained under the police power of the State. In other words, he seeks in argument to challenge the validity of the statute on the ground that it is an infringement of the Company's constitutional right to appoint an additional agent. The Company itself is not here insisting that the statute constitutes an impairment of its own right; it raised no such question before the Commissioner, and for aught that appears acquiesced in that officer's view of the validity of the statute.

It may well be that under the facts in this case Herbring's individual interest in this question is not direct but merely collateral and remote and not such as would have entitled him to challenge the constitutional validity of the statute on the ground that it is an impairment of the Company's own rights. But, however that may be, there is no assignment of error here which challenges the validity of the statute on that ground; and the question which Herbring seeks to raise in argument, is not before us for decision.

The judgment is

> *Affirmed.*