## NORTHWESTERN NAT. INS. CO. OF MILWAUKEE, WIS., v. LEE, Insurance Com'r.

District Court, D. Oregon.
Feb. 12, 1931.

Kelly & MacMahon, of Tacoma, Wash., for plaintiff.

I. H. Van Winkle, Atty. Gen., of Oregon, and Willis S. Moore and Miles H. McKey, Asst. Attys. Gen., of Oregon, for defendant.

Before RUDKIN and WILBUR, Circuit Judges, and McNARY, District Judge.

WILBUR, Circuit Judge.

The plaintiff invokes the authority of this court to secure a determination that a statute of the state of Oregon, regulating the number of insurance agents that may be appointed for the conduct of its business, is void because violative of the Fourteenth Amendment to the Constitution of the United States. It seeks a temporary injunction and invokes the jurisdiction of this court in a three-judge case under section 266 of the Judicial Code (28 USCA § 380).

The complaint alleges that the plaintiff is organized under the laws of the state of Wisconsin and has complied with the requirements of the Oregon law relating to the right of a foreign insurance company to do business in the state and has been licensed to transact insurance business within the state; that it has appointed two agents in the city of Portland, Or., who have been licensed by the state insurance commissioner, and appointed a third agent in such city who has applied for a license and tendered the statutory fee of $2, but that the insurance commissioner has refused to issue the third license for the transaction of insurance business in the city of Portland without the payment of a fee of $500, which is fixed by subdivision 8 of section 6388 of Olson's Oregon Laws. Plaintiff alleges that the defendant insurance commissioner has threatened to revoke its license and exact other penalties affixed by the insurance law in the event that the third and newly appointed agent to transact insurance business for the plaintiff does so without the license which he declines to issue unless paid $500. The statute attacked is quoted in the complaint as follows:

"(1) *Foreign Fire Insurance Companies Not to Write Insurance Except Through Licensed Agent.* It shall be unlawful for any fire insurance company doing business in the state of Oregon to write, place or cause to be written or placed, any policy or contract for indemnity or insurance on property situated or located in the state of Oregon, except

through or by the duly authorized agent or agents of such insurance company residing and doing business in this state, to whom the premium on such insurance shall be paid; provided, that this section shall not apply to direct insurance covering the rolling stock and other property belonging to and used in the operation and maintenance of plant and business of railroad corporations or other common carriers or property in transit while in the possession and custody of railroad corporations or other common carriers and mutual fire insurance companies. At the time of the filing of the annual statement of every such company with the insurance commissioner there shall be attached thereto the affidavit of the president, manager, or chief executive officer in the United States that this section has not been violated. This section shall not apply to policies issued directly from the home office of any company organized under the laws of this state or having its home office located in this state. * * *

"(4) *License of Fire Insurance Agent— Certificate—License Fee.* Every insurance company licensed to transact a fire insurance business in this state and lawfully doing such business therein, may, in respect thereof, establish agencies in this state, to consist of but one agent for each city, town or village in the state to represent the title registered, and additional agencies as hereinafter provided, and the name of every agent appointed, in accordance with the provisions of this section shall be filed with the insurance commissioner immediately upon the making of such appointment by any such company. The insurance commissioner shall thereupon issue to each such agent that [who] is qualified as provided in this act a certificate setting forth that such agent is entitled to act for the company appointing him for the balance of the current year ending March 31st following the date of such appointment. Every such agent now representing any such company, or who may hereafter be appointed to represent any such company, provided such agent is qualified as provided in this act, shall be relicensed during the month of March in each year for the ensuing year upon proper application to the insurance commissioner by the company appointing him. The fee fixed for issuing such certificate shall be $2 and shall be paid to the insurance commissioner; provided, that the certificate issued to an established agency of any company in any city, town or village in the state may be transferred to any agent or agency by the insurance commissioner upon proper

application of any such company without exacting further fees. * * *

"(7) *Additional Agent in Certain Cities.* Any such insurance company which has qualified to transact a fire insurance business in this state and is lawfully doing such business therein may appoint one additional agent to represent such company transacting business in its own corporate name in any city of this state having a population of fifty thousand or more inhabitants according to the last federal census; provided, that any such insurance company doing business under an additional title shall be limited to one agency for each title.

"(8) *Annual License Fee for Additional Agent.* Any such insurance company may appoint an additional agent or agents to transact business in its own corporate name, or additional title, in any city of this state on application to the insurance commissioner and the payment of an annual license fee of five hundred dollars for each such agent."

Upon the application for the temporary injunction the defendant appeared and moved to dismiss the action upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Both motions were submitted. The defendant justifies the legislation in question solely on the ground that the provision under attack applies to foreign corporations and cites in support of its contention, among other cases, a decision by the Supreme Court of Oregon in Herbring v. Lee, 126 Or. 588, 269 P. 236, 237, 60 A. L. R. 1165, in which the imposition of the $500 license fee was justified solely on the ground that the Northwestern National Insurance Company, who sought to appoint Carl Herbring its agent, was a foreign insurance company, and that the exaction of the $500 annual license fee for such appointment was therefore valid. That case was taken to the Supreme Court of the United States (280 U. S. 111, 50 S. Ct. 49, 74 L. Ed. 217) by writ of error, and was sustained by that court solely on the ground that the legislation in question is a regulation solely of the right of the corporation and does not interfere with any constitutional right of the individual who applied to the insurance company for the license. The Supreme Court declined to pass upon the rights of the insurance company, and for that reason, no doubt, the company has brought this action. Quite aside from the constitutional question involved, the proper interpretation of the insurance laws of Oregon, of which the above-quoted section is but a small part,

is not free from difficulty, and we are reluctant to undertake the interpretation thereof in the absence of an authoritative decision by the Supreme Court of that state. It is not clear that the above-mentioned decision of the Supreme Court of Oregon, Herbring v. Lee, supra, is such a decision. It was assumed in that case that the above-quoted section 6388 applied only to foreign insurance companies, and the defendant, in its brief here, makes the same assumption. The plaintiff, however, asserts in his reply brief:

"As we anticipated, the defendant does not attempt to justify this law upon the ground that it is a valid exercise of the police power, but merely argues that the law is a condition precedent to the right of a foreign fire insurance company to do business in the state, from which he concludes that the constitutionality of the law cannot be drawn into question.

"That provision which we are attacking in this case, which prohibits *any* fire insurance company from appointing more than one agent in any city of the state, obviously applies both to domestic and foreign insurance companies and is not a condition at all. It is a mere prohibition, applicable alike to both foreign and domestic fire insurance companies."

The defendant does not assert that the statute in question applies only to foreign insurance companies, but attempts to justify the imposition of the license fee solely upon the ground that the plaintiff is a foreign insurance company and for that reason the state has power to determine the conditions upon which such company shall transact business therein. In its reply brief, after the hereinabove quoted statement to the effect that the law under attack applies equally to foreign and domestic corporations, plaintiff states his position as follows:

"The only question in this case is whether the state, after having granted us the privilege or franchise to do business in Oregon, may then take away our property right to make a lawful, private contract.

"The question of the amount of the license fee required to be paid for the license of an 'additional agent,' is only collaterally involved. If the state has not the power to enact the general rule, limiting the number of agents an insurance company may appoint, then the exceptions to the general rule must fall with the general rule.

"It is the general rule, quoted above, which we are particularly attacking. The provisions that in cities of over 50,000 inhabitants the company may appoint two agents, and that by the payment of the exorbitant $500.00 annual license fee the company may appoint 'additional agents' in any city, are merely exceptions to the general statutory rule, and depend for their validity upon the general rule."

If we assume that the plaintiff is complaining solely of the restrictions upon it which it claims limit the number of agents it may appoint in pursuance of its right to do business, and that the question involved is not the payment of the license fee, there is, of course, no merit whatever in the plaintiff's position because under the express provisions of the law (section 6388, subd. 8, supra) it can appoint as many agents as it sees fit, provided it is willing to make the payment of $500 in the case of each "additional" agent.

It is evident that the real controversy here is over the right of the state to exact so large a fee from the plaintiff as a condition precedent to the licensing of its agents. The embarrassment we suffer in disposing of the case arises from the fact that the question as to the power of a state to unjustly discriminate between persons within its jurisdiction and lawfully entitled to do business therein is quite distinct from the question as to the power of the state to impose onerous conditions upon the right to transact business therein, although the right to equal and just treatment, and the right to do business without undue restraint, are both assured by section 1 of the Fourteenth Amendment to the federal Constitution. The right of the state to limit the number of agents of all insurance companies and to exact license fees, large or small, from them or their agents as a condition to the transaction of that business is predicated upon either the police or taxing power of the state. The defendant does not claim that the law in question is a lawful exercise of either power. Plaintiff, in its opening brief, challenged the defendant to justify the legislation under the police power of the state and the defendant has made no effort to do so, but has defended the statute in question solely upon the ground that it was a justifiable imposition upon a foreign insurance company as a condition precedent to its right to transact business within the state. In taking this position the defendant does not make it clear whether or not he contends that the $500 license fee is applicable to both the foreign and domestic insurance companies. We are thus left in doubt as to whether or not the parties are agreed upon the proposition that section

6388, supra, applies to both foreign and domestic fire insurance companies. In this connection it should be observed that in the above-quoted section 6388 the title, "Foreign Fire Insurance Companies not to Write Insurance Except Through Licensed Agent," is not a part of the legislative action, but has been inserted by the publisher of the Code. The statute in question was adopted in 1917 (General Laws of Oregon 1917, c. 203, pp. 312, 354, § 22-c). Section 22-c in the statute as originally enacted has the title "Fire Insurance Company" in lieu of the above-quoted title contained in section 6388. It is in a subheading of the original act entitled "General provisions relating to all fire insurance companies" (General Laws of Oregon 1917, c. 203, p. 352). This subheading also appears in the Code preceding section 6385, Olson's Oregon Laws, supra. The only thing we find in section 22-c with reference to foreign and domestic corporations is the sentence at the end of subdivision 1, "This section shall not apply to policies issued directly from the home office of any company organized under the laws of this State or having its home office located in this State." This would seem merely to indicate that policies from the home office of an insurance company having such an office in the state might be issued without the agent being licensed by the state as such an agent. We are in serious doubt as to whether or not section 6388 applies exclusively to foreign insurance companies. The plaintiff predicates its right to the issuance of the license in question to its agent upon the payment of a fee of $2, upon the ground that the state has no right to unreasonably limit the number of its agents for the reason that such a limitation is an interference with a property right guaranteed by the Fourteenth Amendment. In support of this position it relies upon two decisions to that effect which were based, not upon an unlawful exaction or restriction upon a foreign corporation, but upon a restriction equally applicable to all insurance corporations. The first of these decisions is that by the Supreme Court of the state of Washington, Northwestern Nat. Ins. Co. v. Fishback, 130 Wash. 490, 228 P. 516, 36 A. L. R. 1507. In that case, where the statute was similar to that of Oregon here in question, the state Supreme Court held that the legislation in question was in conflict with the Fifth and Fourteenth amendments to the Constitution of the United States, in that it interfered with the property right of its citizens to engage in legitimate business. The other decision is a subsequent

one by the Supreme Court of New Mexico, Franklin Fire Ins. Co. v. Montoya, 32 N. M. 88, 251 P. 390, holding that a similar provision of the statute of New Mexico which prohibited the appointment of more than one agent in a city was a violation of the federal Constitution. In these cases, the plaintiff in each instance was a foreign insurance company licensed to do business in the respective states. In neither case, however, was the decision based upon the fact that the plaintiff was a foreign instead of a domestic corporation. In both decisions the emphasis was upon the right of the agent to engage in the business rather than upon the right of the company to appoint agents to transact its business. A later decision by the Supreme Court of the United States in the Oregon case (280 U. S. 111, 50 S. Ct. 49, 74 L. Ed. 217, supra) holds that the exaction of a $500 fee from the company as a condition of the appointment of an agent is not a violation of any right of the agent, and to that extent discounts somewhat the effect of the above-mentioned decisions of the Supreme Court of Washington and of the Supreme Court of New Mexico. However, in so far as the decision of the Supreme Court of the United States is based upon the theory that the insurance company may have acquiesced in the imposition of the $500 license fee in the case before it (Herbring v. Lee, 280 U. S. 111, 50 S. Ct. 49, 74 L. Ed. 217, supra), the decision of the New Mexico and Washington courts are differentiated from that of the Supreme Court.

However, we will consider the statute upon the only theory advanced by the defendant in its support, namely, that the statute in question is valid because the plaintiff is a foreign corporation. We are inclined to do this for the reason that this is the sole claim advanced by the defendant in support of the legislation and for the further reason that the Supreme Court of Oregon has assumed in the above-mentioned case of Herbring v. Lee, relied upon by the defendant, that the $500 fee exacted from plaintiff's agents is justifiable solely upon the ground that it is a foreign corporation. In that case the Supreme Court of Oregon stated the question before it to be as follows: "Plaintiff, a resident and practicing attorney in the city of Portland, Or., made application to the defendant as insurance commissioner for a license to act as agent in that city for the Northwest National Fire Insurance Company, a foreign insurance corporation, which for several years had been qualified and doing insurance business in the state of Ore-

gon. The application of the plaintiff was denied by the insurance commissioner for the reason that the Northwest National Fire Insurance Company is a foreign fire insurance corporation, and that it had already appointed two resident agents to act for it in the city of Portland under its corporate name, and that a third agent for said city to act under its corporate name could not be appointed except upon the payment of an additional fee of $500 by said insurance company. The refusal was based upon section 6388, Or. L., which relates to the conditions upon which such companies may write insurance in the state of Oregon."

The agent in that case justified his demand for a license upon the payment of a fee of $2 under section 6333, subd. 3, of Olson's Oregon Laws (Id. c. 203, p. 322, of the General Laws of Oregon of 1917, § 4, subd. 3). That section contains the following provision: "(3) Every company duly authorized and licensed to transact insurance business, other than life insurance companies, in the state of Oregon, and lawfully doing such business therein, may in respect thereof appoint an agent or agents in each city, town or village in this state, and the name of every agent appointed in accordance with the provisions of this section, including the classes of business he is authorized to transact for such company, shall be filed with the insurance commissioner immediately upon the making of such appointment by any such company. The insurance commissioner, if he finds the agent qualified, shall thereupon issue to each such agent a license setting forth that such agent is entitled to act for the company appointing him for the balance of the current year ending April 1st, following the date of such appointment; provided, that the license issued to an established agency of any company in any city, town or village in this state may be transferred by the insurance commissioner to another agent or agency upon proper application of any such company, without exacting further fees. Every such license for each such agent representing any such company shall be renewed during the month of March in each year for the ensuing year upon proper application to the insurance commissioner by the company appointing him. The fee fixed for issuing such license shall be $2 and shall be paid to the insurance commissioner."

The Supreme Court of Oregon, in the above-entitled case, after quoting section 6333, supra, stated its conclusion as follows:

"The commissioner's refusal to make the requested appointment was occasioned by the nonpayment of the fee of $500 required by section 6388, Or. L., as a condition precedent to the right of any fire insurance company to appoint such additional agent. The contention of respondent is that the license should issue upon compliance with the conditions prescribed by section 6333, Or. L., without the foreign insurance company complying with section 6388, Or. L., subd. 8, by paying the fee of $500 thereby required.

"Chapter 203, General Laws of Oregon 1917, which is practically a fire insurance code, is a general act 'for the regulation and supervision of insurance in the state of Oregon.' This act contains subdivision 8, § 6388, Or. L., and also subdivision 3, § 6333, Or. L.

"There is no reason suggested or conceived why a foreign insurance company applying to do business in this state should not comply with both of the sections and subdivisions mentioned. Therefore, a foreign corporation being required to comply with the statute in order to be entitled to appoint agents and consummate its business in the state of Oregon, it follows, as the night follows the day, that in order for an agent to obtain a license to represent such a foreign corporation there must first be a compliance by the foreign corporation with the requirements of our state law.

"The power of the state to impose conditions upon which a foreign fire insurance company may be permitted to do business in this state is not subject to constitutional limitations, and the rights of one applying for a license to act as agent for such insurance company are contingent upon the compliance of the company with conditions precedent to its right to appoint such an agent. Section 6388, Or. L.; section 22c, c. 203, Gen. Laws of Oregon 1917. [Citing cases]."

It will be observed that the Supreme Court of Oregon does not expressly hold that section 6333 applies to domestic fire insurance corporations and that section 6388 applies solely to foreign fire insurance corporations. However, the decision of the court seems to be based upon the assumption that section 6388 applies solely to foreign fire insurance companies, and that section 6333 applies solely to domestic insurance corporations. While the situation is not as clear as we would like to have it in dealing with the constitutionality of a law of a state, we feel that we are justified in assuming that the Supreme Court of Oregon has held that the exaction of $500 license fee for its agents is applicable solely to foreign fire insurance

corporations. The question presented for our decision is, not that stated by the appellant as quoted above, but it is this, namely, can the state, after an insurance company has complied with all its regulations with reference to transacting business within the state and after being licensed so to do, require a foreign insurance corporation to pay $500 license fee for additional agents necessary for the transaction of its business where a domestic insurance company transacting the same business can appoint as many agents as it deems necessary upon the payment for each agent of the merely nominal fee of $2, a fee reasonably commensurate with the duties imposed upon public officers by the additional application in the examination of the application and the issuance of the license. The Fourteenth Amendment to the federal Constitution prohibits unjust discrimination as between persons under the jurisdiction of the state, and probably no one would question that a statute requiring from one domestic insurance company the payment of $500 and from another domestic insurance company the payment of $2 for the same service would be violative of that constitutional provision. It is equally clear that where a foreign corporation is lawfully within the state and authorized to do business therein, it is entitled to invoke the same constitutional provision and that a state cannot deprive such a foreign corporation of that constitutional right to the equal protection of the law under the federal Constitution. This question is so well settled that we deem it unnecessary to do more than to cite some of the recent authorities in which it is announced. Liggett v. Baldridge, 278 U. S. 105, 110, 49 S. Ct. 57, 73 L. Ed. 204; Quaker City Cab Co. v. Commonwealth of Penn., 277 U. S. 389, 48 S. Ct. 553, 72 L. Ed. 927; Power Mfg. Co. v. Saunders, 274 U. S. 490, 47 S. Ct. 678, 71 L. Ed. 1165; So. Ry. v. Greene, 216 U. S. 400, 30 S. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247; Hanover Fire Ins. Co. v. Harding, 272 U. S. 494, 47 S. Ct. 179, 71 L. Ed. 372, 49 A. L. R. 713; Deutsche Bank v. Humphrey, 272 U. S. 517, 47 S. Ct. 166, 71 L. Ed. 383.

It follows that unless the $500 license fee imposed as a condition precedent to the employment of additional agents for the foreign insurance company is a condition precedent of a permit to the insurance company to do business in the state, it is an unjust discrimination violative of the Fourteenth Amendment to the federal Constitution. It is assumed by the Supreme Court of Oregon in its decision in Herbring v. Lee, supra, and also by the defendant herein in its brief, that it is such a condition precedent, and therefore justified. No reason is advanced in support of this assumption, and the only basis for such an assumption which occurs to us is that the insurance company making application for license to transact insurance business in the state knows when it makes such application that the law under which the application is made does in fact provide that if it desires to appoint more than one agent in each city, or two in Portland, it must pay the additional license fee. But this is not sufficient to justify the discrimination against it and no case has been cited which goes to that extent. On the contrary, the courts with practical unanimity, hold that a foreign corporation, once having been permitted to enter into a state and engage in business, has a right to invoke the Fourteenth Amendment against unjust discriminations whether they arise under legislation passed after its permit or before. We think this is settled by the decision in Liggett v. Baldridge, 278 U. S. 105, 110, 49 S. Ct. 57, 58, 73 L. Ed. 204, as applied to legislation enacted subsequent to the admission of the foreign corporation to do business, and in the case of Quaker City Cab Co. v. Commonwealth, 277 U. S. 389, 48 S. Ct. 553, 554, 72 L. Ed. 927, as to legislation enacted before the foreign corporation was permitted to do business in the state. The rule is stated by the Supreme Court in Liggett v. Baldridge, supra, as to subsequent discriminatory state legislation, as follows: "That appellant's business is a property right (Duplex Co. v. Deering, 254 U. S. 443, 465, 41 S. Ct. 172, 65 L. Ed. 349, 16 A. L. R. 196; Truax v. Corrigan, 257 U. S. 312, 327, 42 S. Ct. 124, 66 L. Ed. 254, 27 A. L. R. 375), and as such entitled to protection against state legislation in contravention of the federal Constitution, is, of course, clear. That a corporation is a 'person' within the meaning of the due process and equal protection clauses of the Fourteenth Amendment, and that a foreign corporation permitted to do business in a state may not be subjected to state statutes in conflict with the federal Constitution, is equally well settled. Kentucky Co. v. Paramount Exch., 262 U. S. 544, 550, 43 S. Ct. 636, 67 L. Ed. 1112; Power Co. v. Saunders, 274 U. S. 490, 493, 496, 497, 47 S. Ct. 678, 71 L. Ed. 1165; Frost Trucking Co. v. R. R. Com., 271 U. S. 583, 594 et seq., 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457. And, unless justified as a valid exercise of the police power, the act assailed must be declared unconstitutional because the enforcement thereof

will deprive appellant of its property without due process of law."

In Quaker City Cab Co. v. Commonwealth, the Supreme Court stated the rule as to preexisting state legislation as follows: "The equal protection clause extends to foreign corporations within the jurisdiction of the state, and safeguards to them protection of laws applied equally to all in the same situation. Plaintiff in error is entitled in Pennsylvania to the same protection of equal laws that natural persons within its jurisdiction have a right to demand under like circumstances. Kentucky Finance Corp'n v. Paramount Exch., 262 U. S. 544, 550, 43 S. Ct. 636, 67 L. Ed. 1112. The equal protection clause does not detract from the right of the state justly to exert its taxing power or prevent it from adjusting its legislation to differences in situation or forbid classification in that connection, 'but it does require that the classification be not arbitrary, but based on a real and substantial difference having a reasonable relation to the subject of the particular legislation.' Power Co. v. Saunders, 274 U. S. 490, 493, 47 S. Ct. 678, 679, 71 L. Ed. 1165. It is established that a corporation, by seeking and obtaining permission to do business in a state, does not thereby become bound to comply with, or estopped from objecting to, the enforcement of its enactments that conflict with the Constitution of the United States. The right to withhold from a foreign corporation permission to do local business therein does not enable the state to require such a corporation to surrender the protection of the federal Constitution. Power Co. v. Saunders, supra [274 U. S.] 497, 47 S. Ct. 680 [71 L. Ed. 1165]; Hanover Insurance Co. v. Harding, 272 U. S. 494, 507, 47 S. Ct. 179, 71 L. Ed. 372, 49 A. L. R. 713; Frost v. Railroad Commission, 271 U. S. 583, 593 et seq., 46 S. Ct.

605, 70 L. Ed. 1101, 47 A. L. R. 457; Fidelity & Deposit Co. v. Tafoya, 270 U. S. 426, 434, 46 S. Ct. 331, 70 L. Ed. 664; Western Union Tel. Co. v. Foster, 247 U. S. 105, 114, 38 S. Ct. 438, 62 L. Ed. 1006, 1 A. L. R. 1278; Looney v. Crane Co., 245 U. S. 178, 188, 38 S. Ct. 85, 62 L. Ed. 230; Sioux Remedy Co. v. Cope, 235 U. S. 197, 203, 35 S. Ct. 57, 59 L. Ed. 193."

■ We conclude then that the statute in question so far as it is an attempt to discriminate between a foreign and domestic insurance company as to the license fee for its agents is for that reason and to that extent void. As we have said, no attempt is made by the defendant to justify the imposition of the $500 license fee, as an exercise of the police or taxing power of the state as applied to all fire insurance companies.

■■ Where the state Supreme Court has interpreted the state law, we are bound by their decision as to its proper interpretation; but we are in such grave doubt as to the effect of the above-quoted decision of the Supreme Court in Hebring v. Lee, supra, that we must add that if section 6388, supra, does apply to all fire insurance companies, and there is no discrimination as between foreign and domestic fire insurance companies, the imposition of a license fee of $500 for each additional agent who participates in the effecting of insurance as a solicitor or broker, or otherwise, is an unreasonable and unconstitutional interference with the right of a fire insurance company to transact business.

■ The defendant should be permanently enjoined from enforcing the law in question, in so far as it requires a license fee of $500.

Motion for dismissal denied and temporary injunction granted as prayed. Leave to answer complaint within ten days granted, if desired.