**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-16

UNITED STATES TAX COURT

PETER C. MOGBO AND CHINEDUM A. MOGBO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28466-11S.                    Filed February 21, 2013.

Peter C. Mogbo and Chinedum A. Mogbo, pro sese.

<u>Kevin W. Coy</u>, for respondent.

SUMMARY OPINION

KERRIGAN, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

The decision to be entered is not reviewable by any other court, and this opinion

shall not be treated as precedent for any other case.  Unless otherwise indicated, all

section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a Federal income tax deficiency of $5,696 for 2008 and a penalty of $1,104 under section 6662(a). The only remaining issue for our consideration is whether petitioners are liable for an accuracy-related penalty under section 6662(a) for 2008.

Background

Petitioners resided in California when the petition was filed.

Petitioner husband worked for Downey Community Hospital in 2008. Petitioners hired Apex Financial Tax Consultants to prepare their Federal income tax return for 2008. Petitioners filed Form 1040, U.S. Individual Income Tax Return, for tax year 2008 and failed to include in income $6,036 of petitioner husband's wages.

Petitioner husband received a distribution of $3,138 from a retirement account in 2008 and failed to include this distribution in income on petitioners' 2008 tax return.

Petitioner husband claimed to have sold real estate in 2008 and attached a Schedule C, Profit or Loss From Business, to petitioners' 2008 tax return, reporting income and expenses. Petitioner husband claimed to have traveled 28,482 miles in

connection with his real estate activity in 2008 and claimed a $15,171 deduction for car and truck expenses related to this travel. Petitioner husband provided respondent with only an appointment book and Mapquest printouts to substantiate these expenses, and respondent allowed a $6,982 deduction for car and truck expenses for 2008.

### Discussion

Respondent determined that petitioners are liable for an accuracy-related penalty under section 6662(a) for tax year 2008. Respondent contends that petitioners are liable for the accuracy-related penalty on alternative grounds: (1) the underpayment is attributable to negligence or disregard of rules or regulations within the meaning of section 6662(b)(1); or (2) there was a substantial understatement of income tax within the meaning of section 6662(b)(2). Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in section 6662(b). Sec. 1.6662-2(c), Income Tax Regs.

Under section 7491(c), the Commissioner bears the burden of production with regard to the section 6662(a) penalty. This means that the Commissioner must come forward with sufficient evidence indicating that a penalty is appropriate. The Commissioner has met this burden by proving that petitioners negligently failed to

report Form W-2 wages and income received from a retirement distribution and petitioner husband overstated his car and truck expenses on Schedule C associated with his real estate activity.  Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances.  Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934 (1985); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence also includes any failure by the taxpayer to keep adequate books and records to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioners did not keep sufficient books and records to meet the requirements of section 274(d) with respect to petitioner husband's travel expenses.  Petitioner husband kept an appointment book which simply states the date and address of unknown parties and MapQuest printouts corresponding with the various addresses in the appointment book.  The appointment book does not contain the names of clients or a description of the purpose for travel.  Petitioners showed a disregard of

rules and regulations by not reporting in income petitioner husband's taxable distribution from a retirement account. Petitioners failed to report Form W-2 wage income and income from a distribution shown on Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. See sec. 61. Petitioners acted negligently under the circumstances. Because of section 1.6662-2(c), Income Tax Regs., we need not address the applicability of the penalty on the ground of substantial understatement of income tax for 2008.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). For purposes of section 6664(c), a taxpayer may be able to establish reasonable cause and good faith by showing reliance on professional advice. Sec. 1.6664-4(b)(1), Income Tax Regs. For a taxpayer to rely reasonably upon advice so as possibly to negate a section 6662(a) accuracy-related penalty determined by the Commissioner, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets each requirement of the following three-prong test: (1) the adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115

T.C. 43, 99 (2000), <u>aff'd</u>, 299 F.3d 221 (3d Cir. 2002); <u>Ellwest Stereo Theatres, Inc. v. Commissioner</u>, T.C. Memo. 1995-610; <u>see also</u> Rule 142(a); <u>Welch v. Helvering</u>, 280 U.S. 111, 115 (1933). Petitioners paid an agent to prepare their return. Petitioners contend that they hired Apex Financial Tax Consultants on the basis of its reputation in the community; however, petitioner husband did not know whether his tax preparer was a certified public accountant. Petitioners failed to provide evidence that their tax preparer was competent and that petitioner husband provided necessary and accurate information to him. <u>See</u> <u>Neonatology Assocs., P.A. v. Commissioner</u>, 115 T.C. at 99.

We hold that petitioners are liable for a section 6662(a) penalty for negligence for tax year 2008.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.